UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL JARVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:15-cv-1182-WTL-TAB |
| | ) |
| FRANCISCAN ST. FRANCIS HEALTH— | ) |
| MOORESVILLE, et al., | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON MOTION TO DISMISS

This cause is before the Court on Defendant Officer John West's motion to dismiss the Amended Complaint (Dkt. No. 18).  The motion is fully briefed and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

## I. APPLICABLE STANDARD

West moves to dismiss Plaintiff Michael Jarvis's Second Amended Complaint[1] pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Second Amended Complaint fails to state a claim for which relief can be granted.  In reviewing a Rule 12(b)(6) motion, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff."  *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012).  For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests."  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007))

---

[1] Officer West's motion was filed and fully briefed while the Plaintiff's First Amended Complaint was the operative complaint.  Because the issues raised in the motion are equally applicable to the Second Amended Complaint, the Court treats the motion as directed to that complaint.

(omission in original).  A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 683 F.3d at 334 (citations omitted). A complaint's factual allegations are plausible if they "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## II.  BACKGROUND

The facts alleged in the Second Amended Complaint are as follows.  On August 30, 2013, Jarvis pled guilty to receiving stolen property and was sentenced to curfew-only home detention with GPS monitoring for one year.  On November 7, 2013, Jarvis's GPS monitoring device indicated he was located at St. Francis Hospital in Mooresville ("St. Francis").  In response, Officer West went to St. Francis and asked nurses Kelly Wilkins and/or Rosemarie Julian why Jarvis was admitted.  Wilkins and/or Julian told Officer West that Jarvis had been admitted for excessive alcohol use.  This information was obtained without a warrant, and Jarvis did not waive the physician-patient privilege regarding his protected health information.

As a result of the disclosure, Officer Jim Reed, on behalf of Morgan County Community Corrections, and Officer West filed a petition with the trial court seeking revocation of Jarvis's placement in home detention.  Subsequently, the court issued a no-bond warrant.  On November 8, 2013, Jarvis was arrested and placed in the Morgan County Jail.  On May 23, 2015, the trial court found that Jarvis had violated the terms of his probation.  By that time, Jarvis had served 105 days in the Morgan County Jail.[2]

---

[2] Obviously there are more than 105 days between Nov. 8, 2013 and May 23, 2015; the Second Amended Complaint does not explain the reason for this discrepancy.

### III.  DISCUSSION

Jarvis's Second Amended Complaint asserts two claims against Officer West.  The first claim alleges that Officer West's actions constituted an unreasonable search and seizure and an infringement of Jarvis's right to privacy in violation of the Fourth Amendment of the United States Constitution.  The second claim alleges that Officer West's actions constituted an infringement of Jarvis's right to privacy in violation of the Fourteenth Amendment of the United States Constitution.  Both claims are brought pursuant to 42 U.S.C. § 1983.  Claims under § 1983 require the plaintiff to show: "(1) the defendant deprived the plaintiff of a right secured by the Constitution and laws of the United States, and (2) the defendant acted under color of state law." *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 791 (7th Cir. 2003) (citing *Reed v. City of Chi.*, 77 F.3d 1049, 1051 (7th Cir. 1996)).  Jarvis has sufficiently pled that Officer West acted under color of state law.

Officer West offers several arguments in his brief in support of his motion to dismiss.  However, the Court need only address the issue of qualified immunity, because it is dispositive.

"'The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Gerhartz v. Richert*, 779 F.3d 682, 688 (7th Cir. 2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).  To determine whether an officer has correctly raised the qualified immunity defense, we must determine "'(1) whether the facts, taken in the light most favorable to the plaintiff, make out a violation of a constitutional right, and (2) whether that constitutional right was clearly established at the time of the alleged violation.'"  *Gibbs v. Lomas*, 755 F.3d 529, 537 (7th Cir. 2014) (quoting *Williams v. City of Chi.*, 733 F.3d 749, 758 (7th Cir. 2013)).  The plaintiff must establish positive answers

to both inquiries in order to overcome the defendant's qualified immunity defense.  *Id.*  The Court has the discretion to address the qualified immunity prongs in either order.  *Id.* (citing *Pearson*, 555 U.S. at 236).  Here, the second prong of the qualified immunity defense is dispositive.

In this case, Jarvis bears the burden of establishing that Officer West's actions violated his "clearly established" constitutional right.  *Volkman v. Ryker*, 736 F.3d 1084, 1090 (7th Cir. 2013).  "A violation may be clearly established if the violation is so obvious that a reasonable state actor would know that what they are doing violates the Constitution, or if a closely analogous case establishes that the conduct is unconstitutional."  *Siebert v. Severino*, 256 F.3d 648, 654-655 (7th Cir. 2001) (citing *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1022 (7th Cir. 2000)).  Jarvis fails to cite a "closely analogous case."  *Id.*  Instead, he argues that the confidentiality of medical records and communications is a clearly established constitutional right protected by the Fourth and Fourteenth Amendments.  Accordingly, Jarvis asserts that Officer West's inquiry regarding Jarvis's admittance to St. Francis constitutes a violation that is so obvious that a reasonable state officer would have known this conduct violates the Constitution.  The Court disagrees.

There are several reasons why this situation does not involve a clearly established right.  First, Officer West's questioning of the hospital staff occurred when Jarvis was under home-detention.  As a result, Jarvis had a reduced expectation of privacy.  *United States v. Knights*, 534 U.S. 112, 113 (2001) ("[A probationer's] reasonable expectation of privacy [is] significantly diminished.").

In addition, the Fourth and Fourteenth Amendments have not been extended to encompass the mere questioning of an individual, "even when the questions are skillfully

designed to elicit what most people would regard as highly personal private information." *Greenawalt v. Ind. Dept. of Corr.*, 397 F.3d 587, 590 (7th Cir. 2005). In *Greenawalt*, the court explained that extending the constitutional right to privacy to this degree would lead to undesirable consequences. For example, police officers could not conduct routine inquires unless they first obtained a search warrant or waiver. Therefore, although Officer West's inquiry arguably involved Jarvis's private medical communications, it is by no means clearly established that Officer West's actions constituted a search that violated Jarvis's Fourth or Fourteenth Amendment rights.

Finally, the constitutional right to privacy as it pertains to third-party disclosure of medical information to the government is not clearly defined. "Whether the government can require banks, medical providers, or employers to turn over private medical records of customers, patients, or employees that are in their possession is a difficult question of balancing." *Big Ridge, Inc. v. Fed. Mine Safety and Health Review Comm'n*, 715 F.3d 631, 649 (7th Cir. 2013). There are several factors a court should consider when it attempts to balance the government's public interest with the privacy interests of individuals. *Id.* at 650. However, in this case, we do not need to analyze and weigh each of these factors. Instead, the mere necessity of a balancing test is significant because it demonstrates uncertainty regarding the constitutional right to privacy as it relates to the facts in this case.

For the reasons stated above, Jarvis failed to allege facts that demonstrate that Officer West's conduct violated his constitutional right in a manner "so obvious that a reasonable state actor would know that what they are doing violates the Constitution." *Siebert*, 256 F.3d at 654-655. As a result, Jarvis did not carry his burden of demonstrating that Officer West violated his "clearly established" constitutional right. *Volkman*, 736 F.3d at 1090. Accordingly, Officer

West is correct that the doctrine of qualified immunity compels the dismissal of the claims against him, and his motion to dismiss (Dkt. No. 18) is **GRANTED**.  Judgment accordingly will be entered in favor of Officer West.[3]  Judgment also will be entered in favor of Kelly Wilkins, whom Jarvis previously dismissed with prejudice.  *See* Dkt. No. 53.

## IV.  <u>STATE LAW CLAIMS</u>

With the dismissal of Jarvis's claims against Officer West, all of Jarvis's remaining claims are premised on state law.  The Court's jurisdiction over Jarvis's state law claims is based on 28 U.S.C. § 1367, which provides for the exercise of supplemental jurisdiction over claims based on state law that are closely related to the federal claims in a case.  However, "[w]hen all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims."  *RWJ Mgmt. Co. v. BP Products N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012) (citation omitted).  "The presumption is rebuttable, but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law."  *Id.* (citations and internal quotation marks omitted).  The Seventh Circuit has identified certain circumstances that may displace the presumption, namely:  (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a

---

[3]The Court recognizes that "[d]istrict courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint."  *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citation omitted).  In this case, however, Jarvis already has amended his complaint twice, and the first amendment was in response to Officer West's first motion to dismiss, which included his qualified immunity argument.  Accordingly, the Court finds it appropriate to enter judgment in favor of Officer West at this time.

substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided. *Id.* at 480 (citation omitted).  None of those exceptions apply here.  Accordingly, the Court declines to exercise supplemental jurisdiction over the state law claims asserted in Jarvis's Second Amended Complaint and **DISMISSES WITHOUT PREJUDICE** Jarvis's claims against St. Francis and Rosemarie Julian.  Those claims may be pursued in state court.

    SO ORDERED:  7/14/16

                                        Hon. William T. Lawrence, Judge
                                        United States District Court
                                        Southern District of Indiana

Copies to all counsel of record via electronic notification